BAUSCH & LOMB INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 89–11–00614

(Decided August 5, 1993)

*Thelen, Marrin, Johnson & Bridges (Paul A. Winick)* for plaintiff.

*Frank W. Hunger,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, United States Department of Justice *(Barbara M. Epstein), Karen P. Binder,* Office of Assistant Chief Counsel, International Trade Litigation, United States Customs Service, of counsel, for defendant.

## Memorandum Opinion

DiCARLO, *Chief Judge:* Plaintiff, Bausch & Lomb Incorporated, challenges Customs Service's denial of its protest, requiring plaintiff's

sunglass cases imported from Mexico be marked with the country of origin. After the court denied defendant's motion for summary judgment, a trial was held. At issue is whether the sunglass cases are disposable containers, exempted from the country of origin marking requirement. The court finds plaintiff failed to establish that the subject merchandise is a disposable container as defined by Customs' regulation. The court has jurisdiction pursuant to 28 U.S.C. § 1581(a) (1988).

Customs' determination that each sunglass case must be marked with the country of origin is presumed to be correct. *See* 28 U.S.C. § 2639(a)(1) (1988).

The marking of the country of origin is required of every imported article unless it is exempted. The statute provides, in pertinent part:

### (a) Marking of Articles

Except as hereinafter provided, every article of foreign origin (or its container, as provided in subsection (b) hereof) imported into the United States shall be marked in a conspicuous place as legibly, indelibly, and permanently as the nature of the article (or container) will permit in such manner as to indicate to an ultimate purchaser in the United States the English name of the country of origin of the article. The Secretary of the Treasury may by regulations—

\*      \*      \*      \*      \*      \*      \*

(3) Authorize the exception of any article from the requirements of marking if—

\*      \*      \*      \*      \*      \*      \*

(D) The marking of a container of such article will reasonably indicate the origin of such article;

\*      \*      \*      \*      \*      \*      \*

19 U.S.C. § 1304 (1988).

The exemption at issue is provided by Customs' regulation as follows:

When *disposable containers* or holders are imported by persons or firms who fill or package them with various products which they sell, these persons or firms are the "ultimate purchasers" of these containers or holders and they may be excepted from individual marking pursuant to 19 U.S.C. 1304(a)(3)(D). The outside wrappings or packages containing the containers shall be clearly marked to indicate the country of origin.

19 C.F.R. § 134.24(c)(1) (1992) (emphasis added). The regulation defines "disposable containers":

Disposable containers or holders subject to the provision of this section are the usual ordinary types of containers or holders, including cans, bottles, paper or polyethylene bags, paperboard boxes, and similar containers or holders which are ordinarily discarded after the contents have been consumed.

*Id.* 134.24(a).

Plaintiff claims that the individual sunglass cases need not be marked since the marking of the outer box containing the sunglass cases is sufficient pursuant to § 134.24(c)(1). A trial was held to determine whether plaintiff's sunglass cases are disposable container within the meaning of the regulation.

The products at issue are two sizes of sunglass cases manufactured in Mexico. Stipulation Nos. 3 & 8. After importation, plaintiff inserts its wire-framed sunglasses in the cases for sale to its customers. *Id.* Nos. 8, 28 & 70. The cases are made of outer layer of pebble grain expanded vinyl with a hard plastic insert and a metal snap closure which secures the sunglasses in the case. *Id.* No. 10. The case may be worn on a belt using the slit in the back of the case. *Id.* No. 33. The sunglass cases are not similar to cans, bottles, paper or polyethylene bags, or paperboard boxes, which the regulation lists and are disposable containers.

Plaintiff sells the sunglass cases at issue separately from sunglasses to its customers. *Id.* No. 49. One of plaintiff's authorized sellers has offered the cases for sale to the public for $9.90. *Id.* No. 34.

Plaintiff's divisional director of engineering was the sole witness at the trial. He testified that one of the purposes of developing the sunglass cases was to substantially protect the product and address the shipping damage plaintiff was experiencing. Tr. 38. The specifications of the sunglass cases require that the cases must be capable of being opened and closed 3000 times without failure. Stipulation No. 18. Plaintiff's sunglass cases have been advertised as "crush-proof," "durable," or "heavy duty." *Id.* Nos. 31 & 32.

The witness acknowledged that it may be advantageous for a consumer to use the hard sunglass case at issue even for glasses which are sold with a soft case. He testified that an appropriately fit hard case would provide more crush-resistance than a soft case. Tr. 65–66. The evidence at the trial established that the sunglass cases at issue can physically accommodate other sunglasses or prescription glasses. Tr. 61 & 80–81. The witness testified that improper fit might result in the abrasion on the surface of the glasses, causing cosmetic damage. Tr. 61.

As conceded by plaintiff's counsel, plaintiff has not established that the sunglass cases have no utility for a consumer who retains it. Tr. 114–15. It was further conceded that plaintiff has not established that the consumer does not reuse its case with sunglasses and/or prescription glasses that are of similar size and shape to the particular sunglasses with which the case is sold. Tr. 112.

At the end of the trial, the court found that plaintiff has not established that the sunglass cases are ordinarily discarded by the consumer after any particular amount of usage, or after any particular event. Tr. 109–10. Based on the trial testimony, stipulations, and the examination of the sunglass cases, the court finds plaintiff failed to establish that the cases are ordinarily discarded after the contents have been consumed. Therefore, the cases are not exempted from the marking requirement under 19 C.F.R. § 134.24(c)(1).

Plaintiff raises a legal argument that the requirement of the container being in use at the time of importation results in discrimination against United States eyeglass manufacturers. According to plaintiff, such requirement confers unfair competitive advantage to foreign manufacturers because they may import foreign made eyeglass cases without the country of origin marking under the exception of 19 U.S.C. § 1304(b) (1988). The statute provides "[u]sual containers *in use as such at the time of importation* shall in no case be required to be marked to show the country of their own origin." *Id.* (emphasis added). For example, a foreign manufacturer may ship its eyeglasses to Mexico, insert them in Mexican cases and import into the United States without informing the end-consumers that the cases are made in Mexico. While this may be true, the statutory language is clear that the country of origin marking of container is exempted only when it is "in use as such at the time of importation." Since plaintiff's cases are empty and not being used at the time of importation, plaintiff is not entitled to the exemption under § 1304(b).

Accordingly, the sunglass cases at issue are required to be marked to indicate Mexico as the country of origin.